IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IVAN L. MENDEZ : CIVIL ACTION
:
v. :
:
ALL OF THE PERSONNEL (WORKERS) :
OF THE SUPREME COURT OF DELAWARE : NO. 13-6153

MEMORANDUM

JONES, J.                                    OCTOBER 23, 2013

Ivan L. Mendez, a prisoner incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this civil rights action against "All of the Personnel (Workers) of the Supreme Court of Delaware." Currently before the Court is plaintiff's motion to proceed in forma pauperis. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g).

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule

1

that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Plaintiff had accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. See, e.g., Mendez v. Smythe, D. Del. Civ. A. No. 08-364 (dismissing case as frivolous and for failure to state a claim); Mendez v. Del. Legal Sys., D. Del. Civ. A. No. 05-304 (dismissing case for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)); Mendez v. U.S. Justice Sys., D. Del. Civ. A. No. 04-898 (dismissing case as frivolous). Accordingly, he may not proceed in forma pauperis unless he was in imminent danger of serious physical injury at the time he filed his complaint.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). Furthermore, "vague, generalized, and unsupported claims" are insufficient to establish that a plaintiff is in imminent danger. Brown v. City of Phila., 331 F. App'x 898, 900 (3d Cir. 2009) (per curiam). In this case, nothing in the complaint reflects that plaintiff was in imminent danger of serious physical injury at the time he

2

filed this action. Accordingly, the Court will deny his motion to proceed in forma pauperis. An appropriate order follows.